UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FRANCES FORD, individually and on behalf of other persons similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC., ENCORE CAPITAL GROUP INC., & LAW OFFICE OF MICHAEL R. STILLMAN, PC, dba/THE STILLMAN LAW OFFICE**<br><br>**Defendants.** | Case No. _____<br><br>Hon.<br><br>**JURY TRIAL**<br>**CLASS ACTION** |

## COMPLAINT & JURY DEMAND

### INTRODUCTION

1.  Plaintiff, Frances Ford ("FORD" or "PLAINTIFF") brings this action, individually and on behalf of other persons similarly situated, against Defendants Midland Funding LLC ("Midland Funding"), Midland Credit Management, Inc. ("MCM"), Encore Capital Group Inc. ("Encore"), and Law Offices of Michael R. Stillman, P.C, dba/ The Stillman Law Office ("Stillman").

2. Defendant Midland Funding, acting through Midland Credit Management, and on behalf of Encore Capital Group Inc., violated the Fair Debt Collection Practices Act and Michigan Regulation of Collections Practice Act, ("MRCPA") MCL 445.251 et seq., in impermissibly causing Law Offices of Michael R. Stillman, P.C, dba/ The Stillman Law Office to file a debt collection lawsuit in state court against Plaintiff that was time barred.

12. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (supplemental jurisdiction over the state law claims) and 15 U.S.C. §1692k (FDCPA). This Court may exercise supplemental jurisdiction over the state law claims arising out of the same nucleus of operative facts.

## JURISDICTION AND VENUE

3. Venue and personal jurisdiction over Defendants in this District is proper because:

    a.    Plaintiff resides in the District; and

    b.    Defendants caused to be filed the subject collection lawsuit filed against Plaintiff within a county located within the District; and

    c.      Defendant Stillman maintains an office within the District; and

    d.      One of Defendant Encore's subsidiaries maintains an office in Warren, MI.

## PARTIES

4. Plaintiff is a natural person who resides within a Michigan county located within the Eastern District of Michigan.

5. Midland Funding, LLC is a wholly-owned subsidiary of Encore Capital Group, Inc.

6. Midland Credit Management, Inc. is a wholly-owned subsidiary of Encore Capital Group, Inc.

7. Midland Funding is engaged in the business of taking title to charged-off consumer debts, including credit card, auto deficiency and telecom receivables purchased from national financial institutions, major retail credit corporations, telecom companies and resellers of such portfolios. (Encore's SEC filing on form 10-Q, Aug. 8, 2008).

8. Midland Funding frequently files state civil lawsuits to collect debts using affidavits that state that Midland Credit Management, Inc. is the servicer of the debt account.

9. Encore's webpage has stated that, "Encore Capital Group is a leading provider of debt management and recovery solutions for consumers and

property owners across a broad range of assets. Through its subsidiaries, the company purchases portfolios of consumer receivables from major banks, credit unions, and utility providers, and partners with individuals as they repay their obligations and work toward financial recovery."

10. Encore's webpage has stated that, "If you are one of our consumers, you probably know us as Midland Credit Management. Midland Credit Management is an Encore Capital Group subsidiary [.]" * * * "If you have received a letter or phone call from us, seen our name on your credit report, or received a letter or phone call from a law firm or collection agency acting on our behalf, it means that your obligation (credit card, auto loan, consumer loan, home or cell phone bill, student loan) to a lender is now your obligation to Midland, as a result of our agreement with that lender. Please give us a call or log into our site to create a repayment arrangement or discuss the status of your account."

11. According to Encore's November 1, 2012 10-Q filing with the SEC:

Encore Capital Group, Inc. ("Encore"), through its subsidiaries (collectively, the "Company") * * * purchases portfolios of defaulted consumer receivables and manages them by partnering with individuals as they repay their obligations and work toward financial recovery. Defaulted receivables are consumers' unpaid financial commitments to credit originators, including banks, credit unions, consumer finance companies, commercial retailers, auto finance companies, and telecommunication companies, which the Company purchases at deep discounts.

*Id.,* p.5.

12. Through Encore Capital Group and its affiliates, including Midland Funding, LLC, Midland Credit Management, Inc., offer customers the tools and options they need to resolve their past due debt obligations.

13. Encore Capital Group, Midland Funding LLC, and Midland Credit Management, Inc., each are a debt collector under the FDCPA as they are in the business of regularly collecting debts. *Herkert v. MRC Receivables Corp.,* 655 F. Supp. 2d 870, 880 (N.D. Ill 2009); *Miller v Midland Credit Mgmt., Inc.,* 621 F. Supp. 2d 621, 634-35 (N.D. Ill. 2009); *Hernandez v. Midland Credit Mgmt., Inc.,* No. .4 C 7844, 2007 U.S. Dist. LEXIS 16054, 2007 WL 2874059, at * 14-16 (N.D. Ill Sept. 25, 2007); *Jackson v. Midland Funding, LLC,* 754 F. Supp. 2d 711,715 n.5 (D. N.J. 2010) *aff'd* 468 Fed. Appx. 123; 2012 U.S. App. LEXIS 3025 (3d Cir. 2012) (unpublished).

14. The Stillman Law Office regularly files state court lawsuits seeking to collect a debt that is in default at the time of the filing of the lawsuit on behalf of its clients and therefore is a debt collector. *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

## FACTS

15. Prior to 2006, on information and belief, Plaintiff incurred a financial obligation (the "Debt" or "account") to Bank of America a/k/a/ FIA Card Services N.A (the "creditor"), which she used to purchase consumer goods.

16.     The Debt arose from a transaction with the Creditor, which was primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

17.     Plaintiff became unable to pay the debt.

18.     On or about December 17, 2015 Defendant, Midland Funding LLC, by and through their attorneys The Stillman Law Office, filed a collection lawsuit in the 67th District Court (the "Complaint") seeking to collect on an alleged debt owed by Plaintiff to FIA Card Services N.A.

19.     Attached to the Complaint was a bill of sale with the seller noted as FIA Card Services N.A.

20.  The bill of sale is insufficient to prove Midland Funding LLC acquired the right to the purported delinquent account.

21.   The only documentary evidence provided to the court was a purported account statement from Bank of America dated December 2006, which was seven (7) years old at the time the state collection Complaint was filed.

22.   A redacted true and correct copy of that Complaint and all of the attachments is attached hereto as Exhibit 1.

23. At the time the Complaint was filed, the account was in default for more than six years.

24. At the time the Complaint was filed, no payment on the account had been made for more than six years.

25. At the time the Complaint was filed, Plaintiff did not have a legally enforceable obligation to pay the Debt.

26. At the time the Complaint was filed, the debt was time barred by the Michigan statute of limitations and all attempts to recover the debt through legal action were illegal and in violation of the FDCPA and the MRCPA.

27. After being served with Defendant's collection Complaint, Plaintiff retained a lawyer who on February 4, 2016 filed an appearance, answer and affirmative defenses to the Complaint. (See Exhibit 3).

28. Plaintiff also filed and served Defendants with her declaration under oath signed under the penalty of perjury denying liability or that the debt was legally enforceable. (See Exhibit 3).

29. On February 9, 2016, Defendant Midland Funding, by and through its attorney, The Stillman Law Office, "denied, as untrue all affirmative defenses set forth by" FORD and and filed with the state court the same. (See Exhibit 4).

30. On March 16, 2016 FORD with her counsel appeared for the state court pre-trial conference wherein the judge set the matter for trial. Midland

Funding's counsel, Stillman, appeared without a client or defendant's corporate representative.

31.  At that time, FORD requested Midland Funding's counsel, Stillman, to dismiss Midland Funding's Complaint.

32.  Defendants failed to dismiss the state court collection COMPLAINT thereby necessitating FORD and her counsel to expend time and money in preparing a defense for trial.

33.  On April 13, 2016, the date and time set for trial, FORD appeared with counsel to defend the collection case.

34.  Midland Funding's attorney, Stillman, appeared without a client or defendant's corporate representative or any witnesses.

35.  At that point, Stillman requested the state court judge to enter a voluntary stipulated dismissal of Midland Funding's case ***with*** prejudice which was then entered with the court and is attached herein (See Exhibit 2).

36.  On September 9, 2015 a Consent Order was entered In the Matter of: Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc. and Asset Acceptance Capital Corp., Administrative Proceeding File No. 2015-CFPB-0022.

37.  The Consent Order can be found at:

http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf

38. Pursuant to the Consent Order at paragraph 133, Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc. and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Consent Order, whether acting directly or indirectly, are permanently restrained and prohibited from:

> *a. Collecting or attempting to collect any Time-Barred Debt through litigation or arbitration*

39. The Consumer Financial Protection Bureau mandated that Defendants, enter into the consent decree with the United States of America, due to Defendants' numerous abusive and deceptive debt collection techniques.

40. The Consent Decree mandated that Defendant include an appropriate time-barred debt notice in correspondence sent to consumers.

41. The filing of the Complaint was a violation of the Consent Order by Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc.

42. The filing of the Complaint was a violation of the Consent Order by Stillman.

## COUNT I - FDCPA

43. Plaintiff incorporates paragraphs 1-42 above.

**15 U.S. C § 1692e,** in pertinent part, provides:

A debt collector many not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section:

* * *

(2) The false representation of –
 (A) the character, amount, or legal status of any debt…

* * *

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**15 U.S. C § 1692f,** in pertinent part, provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

***

(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

44. The FDCPA broadly prohibits unfair or unconscionable collection methods including filing suit on a time barred debt. See e.g. *Murray v. CCB Credit Services, Inc.,* 04 C 7456, 2004 U.S. Dist. LEXIS 25361, 2004 WL 2943656, at *2 (N.D. Ill. Dec. 15, 2004) ("[A] violation of the FDCPA occurs if the attempt to collect the time-barred debt is accompanied by a threat to sue, or if litigation has actually begun."); *Walker v. Cash Flow Consultants, Inc.,* 200 F.R. D. 613, 616 (N.D. Ill. 2001); *Kimber v. Federal Financial Corp.,* 668 F. Supp. 1480 (M.D. Ala. 1987).

45. Defendants' conduct related to the state court matter violated 15 U.S.C § 1692 e(2)(A), e(5) and e(10).

46. 15 U.S.C § 1692f provides in part that, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

47. Defendants' failure to comply with the aforementioned consent order by not informing Plaintiff that the debt was time barred violates 15 U.S.C § 1692 e(2)(A), e(5) and e(10) and f and f(1).

### COUNT II - The Michigan Regulation of Collection Practices Act

48. PLAINTIFF incorporates the preceding allegations by reference.

49. Defendants and its employee/agents, are "regulated persons" as defined by MCL 445.251(g) (x), (xi) in the, MCL 445.251, et seq., i.e. the

Michigan Regulation of Collection Practices Act.

50. PLAINTIFF is a person whom the act was intended to protect, MCL 445.251(d).

51. Defendants' foregoing acts in attempting to collect this debt against PLAINTIFF constitute violations of the Michigan Regulation of Collections Practices Act, including, but not limited to the following provisions of the Michigan Regulation of Collection Practices Act, MCL 445.252:

  (a) Communicating with a debtor in a misleading or deceptive manner, ....

  (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt ….

  (f) Misrepresenting in a communication with a debtor 1 or more of the following:

    (i) The legal status of a legal action being taken or threatened.
    (ii) The legal rights of the creditor or debtor.

  (n) Using a harassing, oppressive, or abusive method to collect a debt, ….

52. PLAINTIFF has suffered damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

53. In defending the state court matter, Plaintiff incurred out of pocket actual damages.

## CLASS ALLEGATIONS

54. The FDCPA class consists of: All individuals whom were sued by Midland Funding LLC, in Michigan on a debt originating with FIA Card Services or Bank of America, where the suit was filed over six years after default, during a time period from the filing of this lawsuit to one year prior to the filing.

55. The MRCPA class consists of: All individuals with a Michigan address, whom were sued by Midland Funding LLC, on a debt originating with FIA Card Services or Bank of America, where the suit was filed over six years after default, during a time period from the filing of this lawsuit to six years prior to the filing.

56. On information and belief, each class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class above.

57. If it is determined that there are more than 40 persons whom Stillman Law Office filed a suit in Michigan on behalf of Midland Funding LLC, on a debt originating with FIA Card Services, or Bank of America where the suit was filed over six years after default, during a time period from the filing of this lawsuit to one year prior to the filing (and six years prior for state claims), Plaintiff places Stillman Law Office along with potential class members on notice and expressly reserves for the purpose of relation back to

the original date of the fling of the Complaint the ability to add the above as a class allegation against Stillman Law Office. *See generally Sokolski v. TransUnion Corp.,* 178 F.R. D. 393 (E.E.N.Y. 1998); *Navarro v Eskanos & Adler,* No., C 06-02231 WHA, 2006 U.S. Dist. LEXIS 90880 *9-10 (N.D. Cal. Dec. 7, 2006).

58. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common question is whether Plaintiff and the class members were sued on a time barred debt.

59. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained legal counsel experienced in handling class actions brought under the FDCPA.

60. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

**WHEREFORE,** Plaintiff requests this Honorable court to enter judgment for Plaintiff and any class certified against Defendants for:

A. Statutory and actual damages;

B. Attorney's fees and costs; and

C. Equitable relief pursuant to MCL 445.257(1) in the form of an injunction prohibiting Defendants from filing and prosecuting time barred lawsuits in Michigan.

Dated: July 13, 2016                    Respectfully Submitted,

REX ANDERSON, PC

*/s/ Rex C Anderson*
Rex C. Anderson (P47068)
Attorney for Plaintiff
9459 Lapeer Rd. Ste. 101
Davison MI 48423
(810) 653-3300
rex@rexandersonpc.net

/s/ Curtis C. Warner
Curtis C. Warner (P59915)
Attorney for Plaintiff
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warner.legal

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 13, 2016                    Respectfully Submitted,


                                        REX ANDERSON, PC

                                        */s/ Rex C Anderson*
                                        Rex C. Anderson (P47068)
                                        Attorney for Plaintiff
                                        9459 Lapeer Rd. Ste. 101
                                        Davison MI 48423
                                        (810) 653-3300
                                        rex@rexandersonpc.net